UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NBK INNOVATION XIII, LLC, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>SUAVEI, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 23-mc-80054-HSG<br><br>**ORDER DENYING DEFENDANT INFANTE'S MOTION TO QUASH**<br><br>Re: Dkt. No. 22 |

Following the reassignment of this case to the undersigned, the Court found the pending motion to quash filed by Defendant Afonso Infante (Dkt. No. 22) appropriate for disposition without oral argument and deemed the matter submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court **DENIES** Defendant Infante's motion to quash.[1]

First, as noted by Plaintiffs, Defendant Infante fails to support his factual contentions in the motion to quash with an affidavit or declaration as required by Local Civil Rules 7-2(d) and 7-5. *See* Dkt. No. 24 at 8.[2] The default judgment entered in Nevada is final, and Defendant Infante failed to timely appeal it. As a result, the allegations in his motion to quash are largely uncorroborated, and his belated attack on the underlying judgment is untimely.

Second, even if Defendant Infante's factual contentions were substantiated by declaration or affidavit, his motion to quash presents no legal basis for relief. He argues that this Court lacks personal jurisdiction and seeks dismissal of the present action. However, *quasi in rem* jurisdiction permits the enforcement of a judgment in a forum where the defendant maintains assets, even if

---

[1] In light of the Court's denial of Defendant Infante's motion to quash, the Court further **DENIES** Plaintiffs' administrative motion to seal (Dkt. No. 26) as moot.
[2] All references to page numbers in filings are to the ECF pagination at the top of the document.

the assets bear no relationship to the underlying controversy between the parties.  *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co*., 284 F.3d 1114, 1127 (9th Cir. 2002); *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010).  Though judgment in this case was entered in the District of Nevada, the default judgment was registered in this Court due to identification of a bank account in Defendant Infante's name in this district.  Accordingly, this Court retains *quasi in rem* jurisdiction over the assets in question.

Moreover, Defendant Infante has not presented any grounds to quash the writs of execution or the subpoenas issued in this case.  Plaintiffs point out that the process of serving the writs of execution on the banks was never initiated because no assets were located at any of the banks upon whom the writs were served.  *See* Dkt. No. 24 at 9.  And Plaintiffs' allegations challenging service of the subpoenas and writs of execution, without a declaration or affidavit to substantiate the claims, set forth no basis for relief.

Therefore, in the absence of applicable case law compelling a contrary conclusion, the Court **DENIES** Defendant Infante's motion to quash.  Should Defendant Infante still seek to prevent disclosure of his financial information, he may meet and confer with Plaintiffs to determine whether the parties can agree to a stipulated protective order.

**IT IS SO ORDERED.**

Dated:  4/24/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge