1

2

3            **UNITED STATES DISTRICT COURT**

4            **NORTHERN DISTRICT OF CALIFORNIA**

5            **SAN JOSE DIVISION**

6

7   NBK INNOVATION XIII, LLC, et al.,            Case No.  23-mc-80054-HSG

8            Plaintiffs,

9       v.                                        **ORDER DENYING REQUEST TO DISQUALIFY**

10  SUAVEI, INC., et al.,                         [Re:  ECF No. 67]

11           Defendants.

12

13          Before the Court is Defendant Afonso Claudio Infante's Motion to Quash Order for

14  Appearance and Examination and Motion to Dismiss.  ECF No. 67 ("Mot."); ECF No. 68

15  ("Infante Decl.").  Defendant moves to recuse Judge Haywood Gilliam and Chief Magistrate

16  Judge Donna Ryu for perceived bias against him.  Mot. at 14–17.  On May 16, 2024, Judge

17  Chhabria denied Defendant's motion to "disqualify Judge Gilliam . . . as frivolous."  ECF No. 80.

18  On May 28, 2024, Judge Ryu referred the instant matter to the undersigned for determination

19  pursuant to 28 U.S.C. § 144 and Civil Local Rule 3-14.  ECF No. 83.  For the reasons stated

20  below, the Court DENIES Defendant's motion.

21          Defendant's motion for recusal is governed by 28 U.S.C. § 144.  Section 144 provides for

22  recusal where a party files "a timely and sufficient affidavit that the judge before whom the matter

23  is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28

24  U.S.C. § 144.  The affidavit must "state the facts and the reasons for the belief that bias or

25  prejudice exists."  *Id.*  Recusal is required only if the bias arose from an extrajudicial source.  *Toth*

26  *v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387–88 (9th Cir. 1988).

27          However, "[t]he simple filing of an affidavit does not automatically disqualify a judge."

28  *United States v. Bray*, 546 F.2d 851, 859 (10th Cir. 1976).  If the judge finds the affidavit to be

United States District Court
Northern District of California

1   legally insufficient, the judge may deny the motion for recusal.  *Toth*, 862 F.2d at 1388 ("Only

2   after the legal sufficiency of the affidavit is determined does it become the duty of the judge to

3   'proceed no further' in the case."); *see also Davis v. Commissioner of Internal Revenue*, 734 F.2d

4   1302, 1303 (8th Cir. 1984) (noting that, "[u]nder the statutory standard for judicial

5   disqualification, judges are charged with an affirmative duty to probe the legal sufficiency of

6   petitioner's affidavit of prejudice and not to disqualify themselves unnecessarily").

7          "[T]o be legally sufficient, the affidavit must meet three requirements.  It must state facts

8   which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial

9   source (2) may prevent a fair decision on the merits.  The focus is not only on the source of the

10  facts and their distorting effect on a decision on the merits . . . , but also on (3) the substantiality of

11  the support given by these facts to the allegation of bias." *United States v. Azhocar*, 581 F.2d 735,

12  739–40 (9th Cir. 1978).  "An affidavit based on conclusions, opinions, or rumors is not a sufficient

13  basis for recusal." *Chang v. Rockridge Manor Condominium*, Case No. 07-cv-4005-EMC, 2008

14  WL 901777, at *1 (N.D. Cal. March 31, 2008); *see also Hodgson v. Liquor Salesmen's Union*,

15  444 F.2d 1344, 1348 (2d Cir. 1971) ("Mere conclusions, opinions, rumors or vague gossip are

16  insufficient"); *United States v. Platshorn*, 488 F. Supp. 1367, 1368 (S.D. Fla. 1980) ("Although

17  the Court may not decide the truth of the facts alleged in the affidavit, there is no requirement that

18  the Court accept the affiant's conclusions or her speculations.").

19         If the judge against whom an affidavit of bias is filed determines that it is timely and

20  legally sufficient, the judge "shall proceed no further therein, but another judge shall be assigned

21  to hear such proceeding."  28 U.S.C. § 144; *see also* Civ. L.R. 3-14 (judge must refer motion for

22  recusal to the Clerk for reassignment to another judge when the judge finds the affidavit to be

23  "neither legally insufficient nor interposed for delay").  Here, Judge Ryu "[a]ssum[ed] without

24  deciding that Infante's affidavit is sufficient under 28 U.S.C. § 144" in order to refer the matter.

25  ECF No. 83.

26         Defendant challenges Judge Ryu's actions concerning "the signing of the subpoena

27  without prior verification of proper service, jurisdictional basis, or the substantive legality

28  standards of impartiality, diligence, and procedural fairness."  Mot. at 14.  Defendant argues that

United States District Court
Northern District of California

2

1    Judge Ryu's actions "could be perceived as failing to meet the high standards of impartiality,

2    competence, and diligence expected of judicial officers" which "may contribute to perceptions of

3    bias towards the issuing party and a disregard for the safeguards defined to protect individuals

4    from undue legal burdens and invasions of privacy." *Id.* at 16–17.  Defendant's declaration

5    reiterates his claims relating to service, jurisdiction, and bias, stating "I believe that the recusal of

6    both the referring district judge and the overseeing magistrate judge may be necessary to ensure

7    the fairness and integrity of the proceedings.  This belief stems from the observed procedural

8    oversights and potential for perceived bias."  Infante Decl. ¶ 7.

9         Defendant makes no allegations and provides no evidence suggesting any potential bias

10   that comes from an "extrajudicial source." *Azhocar*, 581 F.2d at 739–40.  Instead, Defendant

11   points only to "observed procedural oversights" and "potential for perceived bias."  Infante Decl. ¶

12   7.  Neither can form the basis of a bias accusation.  *See United States v. Grinnell Corp.*, 384 U.S.

13   563, 583 (1966) (explaining that "[t]he alleged bias and prejudice to be disqualifying must stem

14   from an extrajudicial source and result in an opinion on the merits on some basis other than what

15   the judge learned from his participation in the case.").  The perceived bias is not actionable

16   because it does not come "from some source beyond the four corners of the courtroom." *Chang*,

17   2008 WL 901777, at \*2; *United States v. Orbiz*, 366 F.Supp. 628, 629 (D.P.R.1973) (explaining

18   that "a distinction is to be drawn between attitudes and conceptions based on proceedings had

19   before the court and those based in sources beyond the four corners of the courtroom.").  At

20   bottom, Defendant is simply contesting an adverse ruling against him.  "Adverse rulings should be

21   appealed; they do not form the basis for a recusal motion." *In re Huntington Commons Assocs.*,

22   21 F.3d 157, 158 (7th Cir.1994).  As such, Defendant's motion and supporting declaration are

23   legally insufficient and thus, Defendant's request to disqualify Judge Ryu is DENIED.

24        **IT IS SO ORDERED.**

25

26   Dated: May 29, 2024

27   _____

     BETH LABSON FREEMAN

28   United States District Judge

United States District Court
Northern District of California

3