UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NBK INNOVATION XIII, LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SUAVEI, INC., et al.,<br><br>　　　　　Defendants. | Case No. 23-mc-80054-HSG<br><br>**ORDER DENYING MOTION TO STAY POST-JUDGMENT ENFORCEMENT ACTION AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 121, 130 |

Pending before the Court is Afonso Infante's motion to stay post-judgment enforcement efforts pending appeal and his motion to strike Plaintiffs' request for judicial notice. Dkt. Nos. 121, 130. The Court finds these matters appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motions.

I. **MOTION TO STAY**

Mr. Infante seeks a stay of these post-judgment enforcement proceedings pending appeal under Federal Rule of Civil Procedure 62(d). *See* Dkt. No. 121. He further argues that due to his indigency he cannot post any bond as collateral. *See* Dkt. No. 122 at ¶¶ 2–3, 5. Whether to issue a stay pending appeal is "an exercise of judicial discretion . . . to be guided by sound legal principles." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). To determine whether to issue a stay, the Court should consider four factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Leiva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citing *Nken*, 556 U.S. at 434).  The first two factors [] are the most critical." *Nken*, 556 U.S. at 434.

Under the first factor, Mr. Infante "need not demonstrate that it is more likely than not that [he] will win on the merits" of his appeal.  *Leiva-Perez*, 640 F.3d at 966.  However, he "must show, at a minimum, that [he] has a substantial case for relief on the merits." *Id.* at 968.  He has not done so.  As the Court explained in its omnibus order denying Mr. Infante's motions, "the Court has serious concerns that Mr. Infante is engaged in a long campaign of gamesmanship to evade Plaintiffs' collection efforts." *See* Dkt. No. 120 at 5.  This motion to stay appears to be yet another such tactic.  The Court found Mr. Infante's appeal frivolous in denying his motion for leave to proceed in forma pauperis on appeal, *see* Dkt. No. 134, and for the same reasons he has not shown a substantial case for relief on the merits.  Moreover, despite Mr. Infante's recent efforts to set aside the default judgment in the Nevada Action, to date it has not been set aside and still remains enforceable.

Under the second factor, Mr. Infante "must show that irreparable injury is the more probable or likely outcome." *Leiva-Perez*, 640 F.3d at 968.  But here, Mr. Infante offers nothing more than supposition that he will face irreparable injury if Plaintiffs' enforcement efforts continue.  This is not enough.  Having weighed these factors and considered the totality of the circumstances, the Court declines to exercise its discretion to issue a stay without requiring the posting of a bond and **DENIES** the motion.

## II. MOTION TO STRIKE

Plaintiff has also moved to strike the request for judicial notice that Plaintiffs filed in support of their opposition to the motion to stay.  Dkt. No. 130.  The request for judicial notice ("RJN") included three state court filings in *Adorable Rallonza v. Afonso Infante*, Case No. 25-CIV-01971 (San Mateo Super. Ct.).  Mr. Infante argues that Plaintiffs' RJN should be stricken for several reasons, including that it is prejudicial and there is "no conclusive proof" that Mr. Infante is the same Afonso Infante as the party in the San Mateo case.  *See* Dkt. No. 130.  Mr. Infante has made similar arguments before.  *See* Dkt. No. 120 at 8–9.  But in any event, the Court did not rely on these state court filings in denying the motion to stay.  The Court therefore **DENIES** the

motion to strike.

### III. CONCLUSION

The Court **DENIES** the motion to stay pending appeal, Dkt. No. 121, and **DENIES** the motion to strike, Dkt. No. 130.

**IT IS SO ORDERED.**

Dated: 6/30/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge