UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NBK INNOVATION XIII, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUAVEI, INC., et al.,<br><br>Defendants. | Case No. 23-mc-80054-HSG (DMR)<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 102, 103 |

Pending before the court is Defendant Alfonso Infante's Motion for Protective Order (Docket No. 102 at ECF pp.1-3, "PO Mot." or "Protective Order Mot.") and Motion for Sanctions (Docket No. 103, "Sanctions Mot."). Plaintiffs[1] oppose both Motions. [Docket No. 108 ("Sanctions Opp'n"); Docket No. 109 ("PO Opp'n").] Infante filed Replies. [Docket No. 110 ("Sanctions Reply"); Docket No. 111 at ECF pp.1-4 ("PO Reply").][2] Having reviewed the parties' briefs, the court finds these matters suitable for disposition without oral argument pursuant Civil Local Rule 7-9(b). For the reasons stated below, the court denies both Motions.

I. **BACKGROUND**[3]

This case concerns Plaintiffs' March 17, 2023 registration of default judgment against Infante that Plaintiffs obtained in a securities case filed in the District of Nevada. Docket No. 4; *see* 28 U.S.C. § 1963. Plaintiffs sought and obtained writs of execution against Infante and subpoenas

---

[1] Plaintiffs are NBK Innovation XIII, LLC, Dojo Ventures Fund II, LLC, SU Fund I, A Series of Incisive Ventures LP, Antonio Salerno, Susan Leiby, Alessco, Inc. Defined Benefit Plan, Robert Hess, MJ Jamiolkowski FLP.

[2] Infante filed his supporting Declarations in a single document with his Motions and Replies.

[3] Prior orders by the Presiding Judge in this matter, the Honorable Haywood S. Gilliam, set forth the factual background of this case, and the undersigned does not it repeat here. [*See* Docket Nos. 66, 120.]

1   for records from several banks. [Docket Nos. 5, 7, 9–10, 14–15 (writs of execution); Docket Nos. 6,
2   8, 11–12, 16–17 (writs issued by the Clerk's Office); Docket Nos. 19–21, 23 (subpoenas).]

3         Infante has filed a litany of motions seeking to prevent Plaintiffs from obtaining post-judgment discovery—none of which have had merit. [*See, e.g.*, Docket Nos. 85 & 80 (orders denying Infante's motions for recusal of the undersigned and Judge Gilliam); Docket No. 120 ("5/22/25 Order") at 1, 4, 15 (order listing 11 motions brought by Infante and denying all of them); Docket No. 66 (order denying Infante's motion to quash).]

      The present motions concern the debtor examination of Palo Alto Networks, Inc. On January 10, 2025, the undersigned granted Plaintiffs' application to have Palo Alto Networks appear for an examination. [Docket No. 97 (order); Docket No. 96 (application).] Plaintiffs have submitted evidence that Infante is (or at least was in 2023) a Senior Technical Marketing Engineer at Palo Alto Networks. [Docket No. 96-1 ("1/6/25 Yorio Decl.") ¶ 7 ("In performing research on Mr. Infante, a paralegal at our firm recently discovered that he was a speaker at a conference appearing on behalf of Palo Alto Networks on April 19, 2023. In the materials distributed for that conference, Mr. Infante's position is listed as a Senior Technical Marketing Engineer at Palo Alto Networks.")[4]; Docket No. 93-2 at ECF p.2 (slide deck for April 19, 2023 conference).] The examination was scheduled for February 5, 2025. [Docket No. 97.]

      After Infante filed no less than 6 motions attempting to prevent the examination of Palo Alto Networks, on January 27, 2025, the undersigned vacated the February 5, 2025 examination and stated that it would reset it as appropriate once Infante's motions were resolved. [Docket No. 107; *see* Docket Nos. 98, 99, 102-105 (Infante's motions to quash, vacate, or stay examination; motion for sanctions; and notice procedural misconduct.] Since then, Judge Gilliam has denied or terminated as moot several of those motions. 5/22/25 Order. This order addresses the remaining motions: the Protective Order Motion and the Sanctions Motion.

---

[4] Plaintiffs re-submitted the 1/6/25 Yorio Declaration as Exhibit 1 to the 2/7/25 Declaration of Robert J. Yorio submitted in connection with the PO Opposition. [Docket No. 109-1 at ECF pp. 5-7.]

United States District Court
Northern District of California

## II. DISCUSSION

### A. Protective Order Motion

The Protective Order Motion is denied as moot. There is no need for a protective order because the court vacated the February 5, 2025 debtor examination, and Plaintiffs represent that Palo Alto Networks has agreed to produce documents in lieu of an in-person examination. [Docket No. 109-1 at ECF pp.1-3 ("2/7/25 Yorio Decl.") ¶¶ 9-10.]

Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." in the Northern District "recognize[] that the scope of post-judgment discovery is broad." *In re PersonalWeb Techs., LLC*, No. 18-MD-02834-BLF, 2023 WL 3510391, at *2 (N.D. Cal. May 16, 2023) (citing *JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 926 (N.D. Cal. 2021)); *see Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JWRS, 2009 WL 5114077, at *4 (N.D. Cal. Dec. 18, 2009) ("As several federal courts have noted, Rule 69 discovery can indeed resemble the proverbial fishing expedition, but a judgment creditor is *entitled* to fish for assets of the judgment debtor.") (cleaned up; emphasis in original). "Even so, there are real limits to this discovery based on proportionality, harassment, and whether the discover is reasonably calculated to lead to relevant information." *JW Gaming Dev.*, 544 F. Supp. 3d at 926.

Plaintiffs are entitled to seek post-judgment discovery on Palo Alto Networks to ascertain Infante's assets. Moreover, although "there are real limits to this discovery based on proportionality, harassment, and whether the discover is reasonably calculated to lead to relevant information," *JW Gaming Dev.*, 544 F. Supp. 3d at 926, Infante has not shown that the scope of Plaintiffs' requested discovery is overbroad or harassing. To the contrary, there is "reason to believe that Mr. Infante has been compensated or received consideration from some kind of work for Palo Alto Networks" (1/9/25 Yorio Decl. ¶ 8), particularly in light of the conference materials identifying him as a speaker and Senior Technical Marketing Engineer at Palo Alto Networks (Docket No. 93-2 at ECF p.2). This evidence indicates that Palo Alto Networks is likely to have relevant and discoverable

1   information about Infante.[5]

2   Infante's arguments are meritless. The February 5, 2025 in-person examination of Palo Alto
3   Networks was vacated and not rescheduled. [Docket No. 107.] It also appears that an in-person
4   examination is no longer necessary, as Plaintiffs and Palo Alto Networks have agreed that a
5   document production is sufficient. 2/7/25 Yorio Decl. ¶ 9.

6   Infante's assertion that "Palo Alto Networks remains burdened by legal expenses and
7   compliance efforts" even if it produces documents is baseless. PO Reply at 2. The fact that Palo
8   Alto Networks has agreed to produce documents undermines this argument. *See* 2/7/25 Yorio Decl.
9   ¶ 9. Infante also has not shown that he has standing to assert an undue burden objection on Palo
10  Alto Network's behalf. *See Doe v. Kaiser Found. Health Plan, Inc.*, No. 23CV02865EMCPHK,
11  2023 WL 8714880, at *3 (N.D. Cal. Dec. 17, 2023) ("[T]o the extent that [defendant] objects to the
12  subpoenas directed to third parties based on relevance or burden, the Court agrees that [defendant]
13  lacks standing to do so.") (citations omitted); *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-
14  cv-04165-MMC (RMI), 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019) ( "Generally speaking,
15  a party to an action does not have standing to move to quash a subpoena served upon a nonparty
16  unless the party claims a personal right or privilege with respect to the documents requested in the
17  subpoena.") (collecting cases).

18  Furthermore, Infante's argument that post-judgment discovery should be halted in light of
19  his pending motions to quash and motion to dismiss (Docket No. 102 at ECF pp.4-6 ("Infante PO
20  Decl.") ¶¶ 2-4, 8) is now moot, as Judge Gilliam has since denied those motions (5/22/25 Order).

---

[5] The court affords little weight to Infante's assertion that he "ha[s] not received any compensation, benefits, or other financial assets from Palo Alto Networks that would justify Plaintiffs' claims of a legitimate debt recovery effort." [Docket No. 111 at ECF pp.5-7 ("Infante PO Reply Decl.") ¶ 4.] Infante's self-serving declaration, without any supporting evidence, is insufficient to overcome Plaintiffs' evidence that Infante was employed by Palo Alto Networks in 2023. *See* Docket No. 93-2 at ECF p.2. As Judge Gilliam noted, Infante has asserted "flatly unbelievable" arguments that contradict the evidence and his own prior arguments and "undermines the credibility of all his filings in this case." 5/22/25 Order at 6 n.3. In any event, Plaintiffs seek discovery "to determine the exact parameters of Mr. Infante's relationship with Palo Alto Networks and the amount and type of compensation and consideration he has received or will receive." 1/9/25 Yorio Decl. ¶ 9. This is entirely reasonable and relevant for purposes of post-judgment discovery.

The court also gives little weight to Infante's contention that Plaintiffs sought the examination of Palo Alto Networks for purposes of harassing or retaliating against him. PO Mot. at 2. As discussed above, Plaintiffs have the right to conduct post-judgment discovery, nothing in the record indicates that Plaintiffs' request is overbroad, and, importantly, Palo Alto Networks has not objected and has agreed to produce documents.

Accordingly, Infante's Protective Order Motion is denied.

### B. Sanctions Motion

The arguments in Infante's Sanctions Motion overlap with the arguments he asserted in his Protective Order Motion. For those same reasons, Infante's Sanctions Motion is meritless.

## III. CONCLUSION

Infante's Protective Order Motion is denied as moot, and his Sanctions Motion is denied. Palo Alto Networks shall produce relevant, responsive, and non-privileged documents to Plaintiffs forthwith.

Lastly, Judge Gilliam has stated that "the Court has serious concerns that Mr. Infante is engaged in a long campaign of gamesmanship to evade Plaintiffs' collection efforts." 5/22/25 Order at 5. The undersigned agrees. By filing successive motions that have each been denied, Infante has forced Plaintiffs to expend an inordinate amount of time and expense defending against baseless assertions. Accordingly, the court orders the following: in the event that Infante files another motion that falls within the scope of the referral to undersigned, Plaintiffs need not respond and no hearing will be held, unless and until the court so orders.

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
Donna M. Ryu
Chief Magistrate Judge