1
2
3
4                        UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    NBK INNOVATION XIII, LLC, et al.,          Case No.  23-mc-80054-HSG   (DMR)

8                    Plaintiffs,
                                                **ORDER REGARDING PLAINTIFFS'**
9          v.                                   **MOTION AND APPLICATION FOR**
                                                **ORDER FOR APPEARANCE OF**
10   SUAVEI, INC., et al.,                       **DEFENDANT AND JUDGMENT**
                                                **DEBTOR AFONSO INFANTE**
11                  Defendants.
                                                Re: Dkt. No. 145
12

13         Plaintiffs NBK Innovation XIII, LLC, Dojo Ventures Fund II, LLC, SU Fund I, a series of

14   Incisive Ventures LP, Antonio Salerno and Susan Leiby, Alessco, Inc. Defined Benefit Plan, Robert

15   Hess, and MJ Jamiolkowski FLP (collectively, "Plaintiffs") seek a judgment debtor examination of

16   Defendant Afonso Infante ("Infante" or "Defendant").  [Docket No. 145 (Mot.).]  Infante filed an

17   opposition (Docket No. 148 (Opp'n)), and Plaintiffs filed a reply (Docket No. 149 (Reply)).

18         The court finds this matter suitable for disposition without oral argument.  Civ. L.R. 7-1(b).

19   Having considered the parties' arguments, the relevant legal authority, and the record in this case,

20   the court grants Plaintiffs' motion.  A judgment debtor examination will take place via Zoom on

21   August 27, 2025 at 9:00 a.m. Pacific time.

22   **I.      DISCUSSION[1]**

23         This case concerns Plaintiffs' March 17, 2023 registration of default judgment against three

24   defendants—Infante; Suavei, Inc. ("Suavei"); and Allison Wong, Infante's former spouse and co-

25   founder and director of Suavei—that Plaintiffs obtained in a securities case filed in the District of

26

27   _____

28   [1] Prior orders by the Presiding Judge in this matter, the Honorable Haywood S. Gilliam, set forth
     the factual background of this case, and the undersigned does not it repeat here.  [*See* Docket
     Nos. 66, 120.]

Nevada, styled *NBK Innovation XIII, LLC et al. v. Suavei, Inc. et al.*, Case No. 22-cv-01415-JAD-BNW (D. Nev. Aug. 30, 2022) (the "Nevada Action").  [Docket No. 4; *see* 28 U.S.C. § 1963.]  The court in the Nevada Action entered default judgement against Infante in the amount of $1,173,500, plus pre- and post-judgment interest.  [Nevada Action, Docket No. 39.]

Plaintiffs sought and obtained writs of execution against Infante and subpoenas for records from several banks.  [Docket Nos. 5, 7, 9-10, 14-15 (writs of execution); Docket Nos. 6, 8, 11-12, 16-17 (writs issued by the Clerk's Office); Docket Nos. 19–21, 23 (subpoenas).]

As Infante has not satisfied the judgment, Plaintiffs seek a judgment debtor examination of him.  [Docket No. 145-1 (Yorio Decl.) ¶ 9.]  Infante does not dispute that he has failed to satisfy the judgment.  *See* Opp'n.  Instead, Infante contends that he will not appear for a judgment debtor examination, even via videoconference, unless he is personally served with an order for appearance and examination pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention").

## A.    Judge Gilliam's Order Finding the Hague Convention Does Not Apply and Email Service Is Sufficient

Infante has unsuccessfully raised this argument before Judge Gilliam multiple times. [Docket No. 43 ¶¶ 2-3; Docket No. 67 at 6-7; Docket No. 81 at 2-3, 9-12; Docket No. 90 at 2; Docket No. 92 at 2; Docket No. 98 at 4.]  After carefully analyzing the issue, Judge Gilliam rejected Infante's contention that service must comply with the Hague Convention.  [Docket No. 120 at 5-12.]  Rather, "continued notice and service through Mr. Infante's email address, waveforce443@protonmail.com, is reasonably calculated to provide him with actual notice, and is appropriate and sufficient under the circumstances" such that, "all filings in this case may be served by email to Mr. Infante at waveforce443@protonmail.com."  [*Id.* at 12.]

Specifically, Judge Gilliam found that "the Hague Convention does not appear to apply here at all."  *Id.* at 11; *see id.* at 5-9.  This is because (1) "the registration of the judgment in this district did not initiate a new action such that service of process was required under the Hague Convention"; (2) "Article 1 of the Hague Convention explicitly states that it 'shall not apply where the address of

the person to be served with the document is not known'" and "it is not clear that Mr. Infante's actual address is known" and there is evidence that he may actually reside in California; and (3) Federal Rule of Civil Procedure 45 does not mandate personal service here, as that rule only applies to pre-trial subpoenas, not post-judgment subpoenas. *Id.* at 6, 8-9.

Judge Gilliam also rejected Infante's argument that email service violated his due process rights. *Id.* at 9-10; *id.* at 10 ("Despite Mr. Infante's suggestion otherwise, he has received notice of, and had ample opportunity to review and respond to, the materials in this case."). Judge Gilliam noted Infante's use of email to communicate with Plaintiffs, the fact that Infante included an email address in his first motion to quash, and Infante's frequent use the court's electronic case filing system. *Id.* at 10-11. Judge Gilliam thus concluded that, "[g]iven that Mr. Infante has known of this case for over a year and a half, and has filed multiple motions and other ancillary documents in that time, the Court is unpersuaded by his claim that he has not received constitutionally adequate process." *Id.* at 11.

Notably, Judge Gilliam found that Infante's insistence on service via the Hague Convention was nothing more than obstructionism:

> Plainly, Mr. Infante wishes to avail himself of this Court's procedures and resources only when he views it as advantageous to himself to do so. He corresponds with Plaintiffs via email, requests that the Court set Zoom hearings, and manages to file documents by submitting them to the Clerk's Office in person (whether on his own or through a representative). Yet he asserts that he cannot become an e-filer and cannot receive service of any documents by email because "[u]tilizing a public Internet connection presents significant logistical and financial difficulties." See Dkt. No. 43 at 2. This is simply not credible, and it seems apparent that Mr. Infante believes he can obstruct Plaintiffs' legitimate collection efforts by making it difficult to serve and provide him copies of court documents. This stops now. In the absence of a usable, physical address, the Court finds that continued notice and service through Mr. Infante's email address, waveforce443@protonmail.com, is reasonably calculated to provide him with actual notice, and is appropriate and sufficient under the circumstances. *Accord Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *2–3 (N.D. Cal. May 9, 2014) (permitting service by email for all future documents) (collecting cases). Mr. Infante listed this address on his filings in this case and at times has used this address to correspond with Plaintiffs' counsel about this case. *See, e.g.*, Dkt. No. 29, Ex. A. Moving forward, all filings in this case may be served by email to Mr. Infante at waveforce443@protonmail.com.

> To the extent Mr. Infante has an alternative email address that he would prefer the Court and the parties to use moving forward, he may file a written request on the docket. The Court cautions Mr. Infante, however, that this is not an invitation to continue challenging service by email. The Court has heard and rejected Mr. Infante's arguments on this issue. Mr. Infante also remains free to register as an ECF user.

*Id.* at 11-12 (emphasis added); *see id.* at 8 ("Mr. Infante would wield the Hague Convention here as a sword to slow or altogether prevent Plaintiffs' post-judgment collection efforts."); *id.* at 5 ("[T]he Court has serious concerns that Mr. Infante is engaged in a long campaign of gamesmanship to evade Plaintiffs' collection efforts.").

**B.      Application of the Hague Convention to a Judgment Debtor Examination**

Judge Gilliam's order was unequivocal that "*all filings* in this case may be served by email to Mr. Infante at waveforce443@protonmail.com" and did not make any exceptions. [Docket No. 120 at 12 (emphasis added).] Infante presents no basis to deviate from that ruling.[2]

It is clear that Infante has received actual notice of the proceeding such that due process has been met, even if the parties were required to comply with the Hague Convention (which they do not). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (collecting cases). "The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance[.]" *Id.* (citations omitted).

Here, Infante responded to Plaintiffs' motion. He also responded to email correspondence sent to waveforce443@protonmail.com, from Plaintiffs regarding the judgment debtor examination. [Docket No. 145-1 at pp.5-6.] The record thus shows that Infante has received actual notice, and

---

[2] Infante cites *Smart Study Co. v. Acuteye-US*, which asserts a case out of the Southern District of New York, for the proposition that "treating the Convention's silence as permission for any unenumerated method 'would subvert [a] fundamental structural aspect of the Convention[.]'" Opp'n at 8 (emphasis omitted). Infante does not provide a citation for this case. *See id. Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022), addresses the applicability of the Hague Convention with respect to service of a complaint. However, the quotation that Infante offers—"would subvert [a] fundamental structural aspect of the Convention"—does not appear in that order. *See Smart Study*, 620 F. Supp. 3d. In any event, *Smart Study* is not applicable here, as this is a post-judgment collection proceeding that does not require notice. [Docket No. 120 at 5-6.]

4

United States District Court
Northern District of California

that he has had an opportunity to present his objections.

### 1.    Previously Rejected Arguments

Infante re-raises a number of arguments that he made in filings before Judge Gilliam, and which Judge Gilliam found unpersuasive, either implicitly or expressly:

- Email service does not comport with Federal Rule of Civil Procedure 4(f)(3), as such method of service is "prohibited by international agreement[.]" *Compare* Opp'n at 2 *with* Docket No. 90 at 2; Docket No. 120 at 5-6 ("[T]he registration of the judgment in this district did not initiate a new action such that service of process was required under the Hague Convention.").

- Applicability of *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988).  *Compare* Opp'n at 6 *with* Docket No. 43 at ¶ 3(a)(i) *and* Docket No. 81 at 10; Docket No. 120 at 7.

- Argentina rejects service by email or mail.  *Compare* Opp'n at 7-8 *with* Docket No. 43 ¶ 3(b) *and* Docket No. 67 at 2-3.

- Email service would violate Infante's due process rights.  *Compare* Opp'n at 2, 13-16 *with* Docket No. 67 at 3-5, 11-13 *and* Docket No. 92 at 2; Docket No. 120 at 9-10.

- Infante's assertion that he does not consent to receive service by email.  *Compare* Opp'n at 16 *with* Docket No. 43 ¶ 2(b), Docket No. 81 at 12, *and* Docket No. 67 at 2.

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Fallon v. Dudek*, 135 F.4th 831, 836 (9th Cir. 2025) (cleaned up; emphasis omitted); *see Ingle v. Cir. City*, 408 F.3d 592, 594 (9th Cir. 2005) ("This doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (cleaned up).  : The issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).  As Infante presents no new facts or arguments that would require a different outcome, the court declines to revisit these issues.

### 2.     Infante's Remaining Arguments

None of Infante's other arguments are persuasive.

#### a.     Purported English Language Barriers

Infante's contention that "Plaintiffs' proposed email service would circumvent that safeguard, potentially delivering an English-language Order that Mr. Infante may have difficulty reading or verifying" (Opp'n at 14) is unsupported by the record. Nothing in these proceedings suggests that Infante has difficulty reading or writing in the English language. All of the filings in this case, as well as emails between Plaintiffs and Infante (*see* Docket No. 145-1 at ECF pp.5-6) are in English, including Infante's. There is no indication that he relies on a translator to draft his briefs or to help him understand filings by the court or Plaintiffs.[3] Nor is there anything that suggests that his verbal and written communications with Plaintiffs have been hindered by any language barriers.

#### b.     Address for Service

The court has little reason to believe that the address Infante identifies as appropriate for service—Estancia La Angostura – Paraje Angostura, c/o Correo Argentino – Sucursal San Carlos, A4428CIA SAN CARLOS, SALTA ARGENTINA (Opp'n at 4)—is valid. Despite making numerous arguments that service via the Hague Convention is required and identifying three different contact addresses, this appears to be the first time that Infante has identified this address to be used for service. Moreover, although Infante states that this address is his "residence" (Opp'n at 3), that does not appear to be the case. Rather, the address appears to be for a post office.

---

[3] Judge Gilliam noted the speed at which Infante has responded to court filings:

> Mr. Infante has responded quickly to every filing on the docket, often within days. For example, Mr. Infante drafted, signed, and manually filed a second motion to quash just one day after the Court denied his first motion. *Compare* Dkt. No. 66 (order filed April 24, 2024), *with* Dkt. No. 67 (motion to quashed filed April 25, 2024). Similarly, Judge Ryu granted Plaintiffs' application for an Order for Appearance and Examination of a designated representative of Palo Alto Networks, Inc. on January 10, 2025. *See* Dkt. No. 97. That same day, Mr. Infante drafted, signed, and manually filed a motion to quash the application. Dkt. No. 98.

[Docket No. 120 at 11.] Infante's ability to draft and file documents in response to court orders the same or next day suggests that he does not need to seek translation services.

United States District Court
Northern District of California

United States District Court
Northern District of California

1      In the past, Infante has failed to provide the court with a valid mailing address. The court

2 made three attempts to serve Infante via mail at the address that he provided on his filings, "La

3 Angostura A4427 San Carlos Salta Province, AR."  [Docket Nos. 58, 82, 139; *see* Docket Nos. 39,

4 40, 106, 132.]  Each time, the mail was returned as undeliverable due to an "insufficient address."

5 [Docket No. 58 at ECF p.1 ("INSUFFICIENT ADDRESS"); Docket No. 82 at ECF p.1

6 ("INSUFFICIENT ADDRESS UNABLE TO FORWARD"); Docket No. 139 at ECF p.7 ("NO

7 SUCH NUMBER UNABLE TO FORWARD").]

8      This, too, undermines Infante's assertion that the address provided in his opposition is valid.

9 There is also no indication that the mail was undeliverable because, as Infante contends, "Plaintiffs

10 bypassed the Convention, not [because] the address is invalid."[4]  Opp'n at 4.  Infante also offers no

11 support for his assertion that "any foreign judicial mail that is not routed through its Central

12 Authority (Dirección de Asistencia Jurídica Internacional) is routinely refused and returned by

13 Correo Argentino" because "[t]he postal service neither opens the correspondence nor attempts

14 residence verification because the mailing lacks the official Central-Authority tracking labels

15 required by Argentine law and treaty practice."  Opp'n at 4 (emphasis omitted).

16      **C.      Article I of Hague Convention**

17      Infante argues that "because Defendant's address in Argentina is known, the Convention

18 applies and its methods are exclusive."  *Id.* at 9.  Judge Gilliam previously rejected this argument:

19           Article 1 of the Hague Convention explicitly states that it "*shall not*
20           *apply where the address of the person to be served with the document*
             *is not known.*"   Art. 1, Hague Convention, T.I.A.S. No. 6638.
             Although Mr. Infante has listed an Argentinian address on his filings,
21           mail sent by the Court to this address has been repeatedly returned as
             undeliverable. *See, e.g.*, Dkt. Nos. 58, 82.  Plaintiffs have also had
22           similar problems, noting that the provided address in Salta Province,
             Argentina, appears incomplete. *See* Dkt. No. 50.   Even now,
23           therefore, it is not clear that Mr. Infante's actual address is known.

24 [Docket No. 120 at 8 (emphasis added).]  Nothing has changed since that order.  For the reasons

25 stated above, the undersigned is not convinced that Infante has provided a valid address.

26

27 ──────────────────
[4] The mail returned as undeliverable was served by the court, not Plaintiffs.  [*See* Docket Nos. 58,
28 82, 139.]

7

United States District Court
Northern District of California

### D.   Appearance via Video Conference

The court finds that a remote appearance is proper under the circumstances. Infante already indicated that he is amenable to appearing at the examination via video conference. In a July 21, 2025 email to Plaintiffs' counsel, Infante agreed to appear via Zoom. [Docket No. 145-1 at ECF p.5 ("I accept the proposal to appear for the OEX remotely via Zoom on August 27, 2025, on the condition stated—i.e., production of responsive documents by August 20, 2025.").] Infante has also made prior requests to attend court hearings via Zoom due to "significant logistical and financial challenges [he] face[d]." [Docket No. 39 at 1-2; *see* Docket No. 40 ¶ 5.] The court therefore finds that a remote appearance is appropriate, and there is no reason to require Plaintiffs conduct an in-person examination in Argentina.

## II.   CONCLUSION

For the reasons stated above, the court finds that the Hague Convention does not apply under these circumstances, and service on Infante at the email address that was previously designated for service, waveforce443@protonmail.com, is sufficient to give actual notice.

Infante shall personally appear on August 27, 2025 at 9:00 a.m. via Zoom (Zoom information can be found on Chief Magistrate Judge Ryu's web page[5]), before the undersigned then and there to be placed under oath. After Infante has been place under oath, counsel for Plaintiffs shall immediately set up a separate Zoom video conference to conduct the judgment debtor exam. If there are any issues that arise during the judgment debtor exam, the parties can re-enter Judge Ryu's Zoom webinar. If the webinar is no longer in session, counsel shall email the courtroom deputy at dmrcrd@cand.uscourts.gov asking the courtroom deputy to open the Zoom webinar.

**Infante is warned that failure to appear at the examination may result in sanctions and/or a finding of contempt.**

//

//

//

---

[5] https://cand.uscourts.gov/judges/ryu-donna-m-dmr/

8

**IT IS SO ORDERED.**

Dated: August 15, 2025

_____
Donna M. Ryu
Chief Magistrate Judge